**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00782-CMA-MJW

JESSICA HERSH, Individually and as mother and next friend of
RAPHAEL McPHEE, a minor,

      Plaintiff,

v.

ECONOMY PREMIER ASSURANCE COMPANY,

      Defendant.

## ORDER REGARDING MOTION TO REMAND

This matter is before the Court on Plaintiff's Motion to Remand Case to State Court (Doc. # 5). For the following reasons, the Motion is DENIED.

## BACKGROUND

This is an underinsured motorist case. Plaintiff was involved in a car accident. She alleges that she suffered personal injuries and went into premature labor because of the accident. She settled with the primary insurer for policy limits and now sues her underinsured motorist carrier for payment of underinsured motorist benefits.

Plaintiff filed a Complaint in the District Court, Boulder County, Colorado, on November 25, 2008. On the same date, Plaintiff's counsel provided a courtesy copy of the Complaint to Defendant. However, Plaintiff thought her underinsured motorist insurer was Metropolitan Property and Casualty Insurance Company d/b/a MetLife

Auto & Home ("MetLife"), when, in fact, it was Defendant.[1]  Thus, Plaintiff's Complaint named the wrong party, MetLife, but did not mention Defendant.

On February 19, 2009, Plaintiff served MetLife with a summons and copy of the Complaint.  At this point, MetLife informed Plaintiff that she had named the wrong entity and that, in fact, Defendant was her insurer.  Plaintiff then filed an Amended Complaint on March 6, 2009, and Defendant agreed to waive service.  The Amended Complaint deleted MetLife and named Defendant, but did not alter any substantive allegations.

Defendant removed the action to this Court on March 10, 2009, on the basis of diversity jurisdiction.  Plaintiff moved to remand the action to state court on March 23, 2009, on the grounds that Defendant could not establish the necessary $75,000 amount in controversy.  Judge Daniel granted Plaintiff's Motion to Remand on April 2, 2009.

Defendant filed a renewed Notice of Removal with this Court on April 6, 2009.  In the renewed Notice of Removal, Defendant provided considerable details from which this Court can determine the parties' diverse citizenship and that the amount in controversy exceeds $75,000.  However, Plaintiff contends that the action should be remanded (again) because the renewed Notice of Removal is untimely.  The Court disagrees with Plaintiff and finds the renewed Notice of Removal timely.

---

[1] MetLife is affiliated with Defendant, but the two companies are separate entities incorporated at different times and in different states.

**DISCUSSION**

**I.   APPLICABLE LAW**

District courts should adhere to the time limits in the removal statutes.  *See, e.g., Casey v. Williams Production RMT Co.*, 599 F. Supp. 2d 1250, 1251-52 (D. Colo. 2008) (citing *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005) and *Cellport Sys., Inc. v. Peiker Acustic GMBH & Co.*, 335 F. Supp. 2d 1131, 1133 (D. Colo. 2004)).  The present dispute revolves around one such time limit contained in 28 U.S.C. § 1446(b).  That section states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> ***If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable,*** except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).

Under the second paragraph of section 1446(b), "the removal period does not begin to run until the defendant is able 'to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Huffman v. Saul Holdings Ltd. P'Ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting

3

*DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)).  As the *DeBry* court noted, Congress' use the term, "ascertained," reflects that a defendant must be able to determine "with certainty" that a particular matter is removable.  *DeBry*, 601 F.2d at 489 (citing Webster's New Collegiate Dictionary (1975)); *see also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998) (noting that thirty-day time period in second paragraph of section 1446(b) will not run if the defendant must perform an "extensive investigation to determine the truth" relating to removability).

## II.   DEFENDANT'S RENEWED NOTICE OF REMOVAL IS TIMELY.

In this case, Plaintiff argues that Defendant had adequate notice of the removability of this lawsuit when Plaintiff provided a courtesy copy of her Complaint to Defendant on November 25, 2008, and that the thirty-day time limit began running when Plaintiff served MetLife on February 19, 2009.  Thus, according to Plaintiff, the April 6, 2009 Notice of Removal is untimely because it falls outside of section 1446(b)'s thirty-day limit, which, under Plaintiff's theory, expired on March 23, 2009.

Plaintiff's argument fails because it ignores the distinction between MetLife and Defendant.  The fact that MetLife is affiliated with Defendant does not mean that service of process on MetLife equates to service of process on Defendant.  The two companies are separate legal entities established under the laws of different states and Plaintiff has not presented any evidence that would allow this Court to disregard their distinct corporate form in this case.  As such, service on MetLife notwithstanding, Defendant could not have removed this lawsuit until it had been named as a defendant and served

with process pursuant to the Federal Rules of Civil Procedure. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999)

Since Plaintiff did not serve Defendant until March 6, 2009, Defendant would have had to intervene in the state court lawsuit under Colorado Rule of Procedure 24, and then remove the case to this Court because, prior to March 6, 2009, neither the state nor federal courts had jurisdiction to entertain a petition for removal from Defendant. In other words, both state and federal court lacked the constitutional authority to rule on a petition for removal by Defendant until Plaintiff named Defendant and served Defendant with process, or Defendant intervened.

It is Plaintiff's obligation to name and serve process on the parties she wishes to bring before the court and, regardless of strict adherence to the removal statutes, this Court cannot issue an order mandating prospective defendants to intervene in lawsuits before they are served merely to meet removal deadlines. The Court is even more hesitant to adopt Plaintiff's position under the facts of this case because Plaintiff had not named Defendant in the operative pleading at the time Plaintiff contends the removal clock should have started ticking. Thus, under Plaintiff's theory, Defendant would have been forced to intervene in a lawsuit that Plaintiff, hypothetically, may not have prosecuted any further.

The cases cited by Plaintiff do not alter this conclusion. For example, the federal district court remanded the case in *Whisenant v. Roach*, 868 F. Supp. 177, 178 (S.D. W. Va. 1994) under the one-year time limit in section 1446(b), not on the thirty-day limit at issue in this case. Thus, that case is inapposite to the situation in this case.

In *Bogiel v. Teledyne Indus., Inc.*, 542 F. Supp. 45, 47 (N.D. Ill. 1982), the plaintiff was confused regarding the defendant's name and identity.  Plaintiff served the correct entity with process, but named the entity incorrectly in the complaint.  The defendant then sought to remove the case more than thirty days after service of process, but within thirty days of the date that the plaintiff corrected the defendant's name in the complaint.  The federal district court relied on an Illinois statute in determining that misnomer of the defendant in the complaint, an entity that was in all other aspects the correct entity, did not deprive the state court of jurisdiction.  Thus, the defendant's untimely removal ran afoul of the thirty-day limit in section 1446(b).  In contrast to *Bogiel*, in the case at hand, Plaintiff did not merely misname Defendant, she named and served a completely different entity.  Thus, unlike the situation in *Bogiel*, the Boulder District Court did not have jurisdiction over Defendant until Plaintiff served Defendant with process on March 6, 2009.

In *First Nat'l Bank & Trust Co. of Great Bend v. Nicholas*, 768 F. Supp. 788, 790-91 (D. Kan. 1991), the Court found that substitution of the state insurance commissioner for an insurer that had gone into receivership during the course of the litigation did not trigger the second paragraph of section 1446(b) because the substitution did not alter the removability of the lawsuit.  In other words, substitution of the party in that case did not allow the lawsuit to "become removable" within the meaning of section 1446(b).  In this case, Plaintiff is not "substituting" Defendant for MetLife; nor could she because the two entities are separate corporate forms with completely different relationships to

Plaintiff and the facts of this case. As such, *First National Bank* offers no support for Plaintiff's argument, either.

To the extent that Plaintiff contends the date on which removability begins to run is the date that Plaintiff provided Defendant with a courtesy copy of the original complaint, November 25, 2008, she is wrong. First, this argument suffers from the same defects identified above regarding the February 19, 2009 date. Second, Plaintiff ignores the fact that the Supreme Court rejected almost this exact same argument in *Murphy Bros.* Third, if Plaintiff were correct, Defendant would be forced to remove the lawsuit before any defendant had been served. Such a result is not what Congress intended in drafting section 1446(b).

## CONCLUSION

The Court concludes that Defendant could only remove this case on or after March 6, 2009, when the Boulder District Court obtained jurisdiction over Defendant after waiver of service of process of the Amended Complaint. Therefore, the Court concludes that Defendant's renewed Notice of Removal was filed within the thirty-day limit contained in 28 U.S.C. § 1446(b).

Accordingly, the Motion for Remand (Doc. # 5) is DENIED.

DATED: August __25__, 2009

BY THE COURT:

*Christine M Arguello*

CHRISTINE M. ARGUELLO
United States District Judge